**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA SHRECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-601-TCK-PJC |
| ) | |
| NORTH AMERICAN VAN LINES, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On May 24, 2006, this matter came before the Court for hearing on Defendants' Motion to Compel Additional Deposition Testimony and Medical Records. (Dkt. # 33). Defendants seek records relating to Plaintiff's treatment for depression starting in 1974 as well as an Order directing Plaintiff to appear for supplemental deposition. For the reasons set forth below, the motion is **DENIED**.

This case arises out of a motor vehicle accident occurring October 25, 2004. Plaintiff Linda Shreck was headed westbound on I-44 in Tulsa, Oklahoma, when she was involved in a collision with a vehicle driven by Defendant John Cooney. Plaintiff's suit seeks damages for "past and future physical and mental pain and suffering." *Plaintiff's First Amended Complaint, Dkt. # 6, ¶ 13*. Defendants contend this request for compensation for mental pain and suffering puts Plaintiff's mental condition at issue and opens the door to discovery on her mental history including treatment for depression starting in 1974. At her deposition in February 2006, Plaintiff refused to answer questions concerning this topic. Plaintiff contends that she has only made claims for "normal mental anguish" resulting from her injuries and will not seek to introduce at trial

any expert testimony concerning mental anguish.  *Plaintiff's Response and Brief in Support Thereof in Opposition to Defendants' Motion to Compel Additional Deposition Testimony and Medical Records, pp. 1-2.  (Dkt. # 36).*

Oklahoma law provides a privilege for confidential communications between a patient and the patient's physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.  12 Okl. Stat. § 2503(B).  An exception to the privilege exists concerns communications "relevant to the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon that condition as an element of the patient's claim or defense…."  12 Okl. Stat. § 2503(D)(3).  Defendant argues that this exception or the related doctrine of waiver apply here.

First, the Court notes that the exception under § 2503(D) does not apply. Plaintiff's mental pain and suffering are items of recovery, not elements of her claim. *See Ellis v. Gurich*, 2003 OK 47, 73 P.3d 860 and *Moody v. Ford Motor Co.*, Case No. 03-CV-784-CVE-PJC, Dkt. # 149 (N.D. Okla. August 10, 2005) (order denying motion to compel). In *Ellis* the Oklahoma Supreme Court held that the filing of a wrongful death action is not *ipso facto* a waiver of the psychotherapist-patient privilege and that grief and loss of companionship are items of recovery, not elements of a wrongful death action. Thus, as stated in *Moody*, where a parent's claim for grief and emotional distress from the loss of a child is limited to that flowing from the loss of love and companionship of the child and the destruction of the parent-child relationship, the exception contained in § 2503(D)(3) does not apply.  *Moody,* Dkt. # 149 (N.D. Okla. August 10, 2005) (order denying motion to compel).

The Court further finds no waiver of the privilege. Courts have applied three factors in determining whether a privilege has been waived through some affirmative act of the party claiming privilege:

- ❑ Whether the assertion of privilege is the result of some affirmative act such as filing suit or asserting an affirmative defense, by the asserting party.
- ❑ Whether the asserting party, through the affirmative act, put the protected information at issue by making it relevant to the case.
- ❑ If the privilege were applied, would it deny the opposing party access to information that was vital to the opposing party's defense.

*See Sinclair Oil Corp. v. Texaco, Inc.*, 208 F.R.D. 329, 335 (N.D. Okla. 2002) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 580 (E.D. Wash. 1975)). Where a Plaintiff claims "garden variety" or "generic" mental distress of the sort that would be suffered by an ordinary person in similar circumstances, courts have held there is no waiver of the privilege. *Moody*, *supa*, at p. 4.

Applying the factors set forth above, the Court concludes there has been no waiver. First, nothing in Plaintiff's claims for injuries resulting from the 2004 motor vehicle accident requires the production of Plaintiff's records relating to treatment for depression in 1974. Plaintiff did not waive the privilege merely by filing a lawsuit seeking damages for generic mental distress related to the accident. Second, Plaintiff has stated that she will not elicit expert testimony regarding her treatment for mental distress. Third, Plaintiff has not asserted a claim such as intentional infliction of emotional distress that would put her mental health directly at issue. *Cf. Computer Publications, Inc. v. Welton*, 49 P.3d 732, 736 (Okla. 2002). Finally, Plaintiff's records for treatment of depression in 1974 are not vital to the defense because they do not concern any element of Plaintiff's claim.

The Court finds the psychotherapist/physician-patient privilege has not been waived and the § 2503(D)(3) exception does not apply. Furthermore, the Court questions whether the records in question are probative of any issue presented in this action.

Accordingly, the Defendants' Motion to Compel is hereby **DENIED.**

IT IS SO ORDERED this 16th day of June 2006.

Paul J. Cleary
United States Magistrate Judge